UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X          Chapter 13
In Re:                                                           Case No:
Bavinton A. Morales
              Debtor(s)                          **CHAPTER 13 PLAN**
------------------------------------------------------X .

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee and the *Debtor* shall pay to the trustee the sum of $275 monthly for sixty (60) months.

2. From the payments so received, the trustee shall make disbursements as follows:
    (a) Priority claims

        (i) Upon confirmation of plan, full payment of administrative claims pursuant to 11 U.S.C §507( c )2, including debtor's legal fees of $2,300
        (ii) NYS Department of Tax approximately $1,200 plus interest
        (iii) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507 as follows:

(b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

**ALL POST PETITION PAYMENTS, INCLUDING BUT NOT LIMITED TO, MORTGAGE PAYMENTS, VEHICLE PAYMENTS, REAL ESTATE TAXES AND INCOME TAXES, TO BE MADE OUTSIDE THE PLAN BY THE DEBTOR(S)**

    (i) The first mortgage on the debtor's residence located at 283 Doughty Blvd., Inwood, NY 11096 is held by Ocwen Loan Servicing (formerly Litton) servicer of HSBC located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 (Loan No: 7090530788) has been modified, and this mortgage is now current).

    (ii) The second mortgage is held by Chase Home Finance with offices at P.O. Box 260161, Baton Rouge, LA 70826 (Loan No: 00411630050494) on the debtor's residence located at 283 Doughty Blvd., Inwood, NY 11096. The debtor intends to move in the Bankruptcy Court pursuant to 11 U.S.C. §506 to have this mortgage discharged as it is totally unsecured. The balance of this loan shall be treated as an unsecured debt.

    (iii) The debtor is the owner of the property located at 321 Third Avenue, Cherry Hill, New Jersey, which the debtor intends to surrender. The first mortgage on this property is held by Rushmore Loan Management (formerly Wells Fargo) located at 1123 Park View Drive, Covina, CA 91724 (Loan No: 7600014976). The second mortgage is held by Chase Home Finance with offices at P.O. Box 260161, Baton Rouge, LA 70826 (Loan No: 00441660019141). The debtor consents to the

automatic stay being vacated by either or both of these lending institutions and consents to a foreclosure of said premises after which Rushmore Loan Management and Chase Home Finance shall be entitled to file an unsecured claim for the deficiency, if any.

(iv) The automobile loan held by Kawasaki Financial (Capital One) with offices at P.O. Box 71106, Charlotte, NC 28272 (Loan No: 080065010033822) on the debtor's 2009 Kawasaki Ninja ZX-6R is current and the debtor shall continue making payments directly to the creditor outside the plan. The creditor shall retain its lien on the motorcycle.

(c) Subsequent and/or concurrently with distributions to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows: pro rata distributions to all creditors with timely-filed proofs of claim.

3. All lease agreements are hereby assumed, except for the lease of the business premises located at 460 Sheridan Blvd., Inwood, New York upon which the debtor is a guarantor of the lease.

4. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2 (c), <u>less than one hundred percent (100%)</u>, the debtor(s) shall provide the trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

Title to the debtor's property shall revest in the debtor(s) upon completion of the Plan or dismissal of the case, <u>unless otherwise provided in the Order confirming this plan</u>. Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $1,500.00 without written consent of the Chapter 13 trustee or the Court.

Dated: 5/28/15

LAW OFFICE KENNETH HALPERN
Attorney for Debtor

By:_____          _____
KENNETH HALPERN                     Bavinton A. Morales, Debtor